## JEFFERY *v.* JEFFERY.

(Division B. March 31, 1930. Suggestion of Error Overruled, May 19, 1930.)

[127 So. 296. No. 28481.]

188

Shands, Elmore & Causey, of Cleveland, for appellant.

Somerville & Somerville, of Cleveland, for appellee.

Argued orally by **A. W. Shands**, for appellant, and by **C. S. Snyder** and **A. D. Somerville**, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

J. H. Jeffery was complainant in the court below and instituted an attachment in chancery against Mrs. Hester A. Jeffery and Y. B. Jeffery, who were residents of the

state of California, but Mrs. Hester A. Jeffery had real estate situated in Bolivar county, Mississippi. The complainant, J. H. Jeffery, was a citizen and resident of the state of Illinois.

The indebtedness constituting the foundation of the action was a note for five thousand two hundred seventy-three dollars and thirty-three cents, dated at Piper City, Illinois, May 21, 1926, and due twenty-four months after date, payable to J. H. Jeffery at the State Bank of Piper City, Illinois, and bearing seven per cent interest from date until due and seven per cent after that date if not paid, and also an attorney fee of twenty-five dollars plus ten per cent additional on the excess of principal and interest over two hundred dollars. The note was made on a form of notes given by the Bank of Piper City, Illinois, and was signed by Y. B. Jeffery and Hester A. Jeffery. On this note interest was paid on January 6, 1928, in the amount of three hundred fifty-nine dollars and eleven cents; on May 23, 1928, three hundred thirty-nine dollars and eleven cents; and on June 4, 1928, ten dollars.

It appears that the note was taken at the said time in California, all of the parties having formerly lived in or near Piper City, Illinois; the complainant being the uncle of Y. B. Jeffery and the brother-in-law of Mrs. Hester A. Jeffery, the wife of his deceased brother. It appears that Y. B. Jeffery and his wife, Lurline, some time prior to the making of this note had borrowed money from the complainant for the purpose of operating a plantation in Bolivar county, Mississippi, said note being for four thousand dollars, principal and interest accruing thereon amounting to the amount of the present note at the date the note was taken. Y. B. Jeffery had moved to California and had not prospered and had become bankrupt and been discharged from his debts, including the note which he had given his uncle. When this bankruptcy proceeding occurred the note of Y. B. Jeffery and Lurline Jeffery to J. H. Jeffery had been passed to the bank in Piper City as collateral security for a debt owed by J. H.

Jeffery of approximately two thousand dollars, and the bank had notified him after the bankruptcy that he must procure additional collateral, as they could not accept the note with Y. B. Jeffery a bankrupt. J. H. Jeffery went from Illinois to California and took up with Y. B. Jeffery and his wife, Lurline, the making of a new note. There is a conflict in the evidence as to just what happened at that time, but the complainant's version of the transaction was that he went out there and took up with Y. B. Jeffery and his wife the making of a new note, and that Y. B. Jeffery agreed to do so, but his wife, Lurline, refused to sign the note. He stated that he asked Y. B. Jeffery if he intended to beat him out of the money, and he said, no, he did not, that he expected to pay it when he was able and was willing to give him another note. After Lurline Jeffery refused to sign the note, complainant went to the residence of Mrs. Hester A. Jeffery and had a conversation with her in reference to her signing Y. B. Jeffery's note. The testimony shows that at first she did not agree, but on the following morning, after Y. B. Jeffery had been to her place and talked to her about it, she agreed to sign his note and did sign it with Y. B. Jeffery, upon which the suit is brought; and that when that was done he (J. H. Jeffery) tendered Y. B. Jeffery the old note signed by him and his wife which he said he did not care anything about, and that he then and there took a match and burned the note in the presence of Y. B. and Hester A. Jeffery. He stated that he had a conversation with Hester A. Jeffery at night at her residence at which he stated the necessity of his raising additional collateral, and the plight that he was in with reference to the said matter, but denied that he promised not to hold her responsible on the note or to file any suit thereon, but that he did agree that no proceeding would be taken, as it might be under the Illinois law, at any time whether the note was due or not, to have judgment confessed under the terms of the instrument.

Mrs. Hester A. Jeffery testified that J. H. Jeffery stated he merely desired the note to be used as collateral

with the bank in keeping his own note to the bank running, and that he would never sue them or call on them to pay the note. There is some discrepancy between the testimony of J. H. Jeffery and Y. B. Jeffery as to what occurred. Y. B. Jeffery denied that the old note was really tendered to him or destroyed in his presence, and testified that his understanding was that the note was merely given for accommodation of J. H. Jeffery in keeping his standing with the bank at Piper City, Illinois. There was some correspondence introduced by the complainant, letters written him by Hester A. Jeffery, in which she expressed the hope of being able to pay the note, and that she paid the interest thereon as set out above. No process was obtained on Y. B. Jeffery, and he had no property seized in Bolivar county under the attachment, and suit against him was dismissed by the complainant without prejudice.

The chancellor found for the complainant and rendered judgment on the note for the amount due thereon, with attorney's fees and interest.

It is contended by the appellant that the chancellor was wrong in so finding, and that the note was given merely to accommodate J. H. Jeffery and was without consideration and could not, therefore, be enforced. The note is, in our opinion, supported by sufficient consideration. Y. B. Jeffery owed the note discharged in bankruptcy, and, although the note could not be enforced in court after that discharge, yet it was sufficient to constitute a good consideration for a new note; also the fact that Lurline signed the note, and she had not been discharged in bankruptcy, the surrender of the old note with her liable thereon was itself sufficient consideration. The note being in writing, its terms must be governed by the writing; parol agreements antedating the agreement of the note are not admissible to contradict the terms of the note. The makers of a note as between themselves may show that one party signed for the other as an accommodation, but the payee in a note constituting a direct obligation to pay him a given amount is a contract of in-

debtedness from the maker to the payee and cannot be varied by verbal understandings to contradict the legal recitals of the note. See Sims v. Kline, 139 Miss. 246, 104 So. 85.; Herndon v. Henderson, 41 Miss. 584.

The chancellor's finding resolves the facts according to the testimony of the complainant in the case, and, upon the testimony of the complainant, the judgment rendered is correct and will be affirmed.

Affirmed.